Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HERA PRINT, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALILANG LLC, doing business as "anna-kaci," a California limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>**1. COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

Plaintiff HERA PRINT, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

- 1 -

COMPLAINT

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Hera Print, Inc. ("Hera" or "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Alilang LLC, doing business as "anna-kaci" ("AK") is a California limited liability company with a principal place of business at 1980 W. Corporate Way in Anaheim, California 92801 and is doing business in and with the State of California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 ("DOE Defendants") (collectively with AK, "Defendants"), inclusive, are parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Hera is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

COMPLAINT

all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Hera's rights and the damages to Hera proximately caused thereby.

### CLAIMS RELATED TO DESIGNS HE-3526, HE-3849, AND HE-3944

8.    Prior to the conduct complained of herein, Plaintiff composed original two-dimensional artworks for purposes of garment production. It allocated these designs Hera's Internal Design Numbers HE-3526, HE-3849, and HE-3944 (the "Subject Designs"). This artwork was a creation of Hera and/or Hera's design team, and is, and at all relevant times was, owned exclusively by Hera.

9.    Hera owns United States Copyright Registrations covering the Subject Designs.

10.    Prior to the conduct complained of herein, Hera has sampled and sold fabric bearing the Subject Designs to numerous parties in the fashion and apparel industries.

11.    Following this distribution of product bearing the Subject Designs, Hera's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Designs and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Designs to the public.

12.    Hera is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Designs, AK, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing unauthorized reproductions of the Subject Designs to the public, including, but not limited to customers in California and this District.

13.    Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive

- 3 -

COMPLAINT

knowledge of Hera's rights and/or in blatant disregard for Hera's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

14.　A non-exclusive comparison of the Subject Designs and exemplars of the Offending Products are shown below:

| HE-3526 | Offending Product A |
|---|---|
| | Offending Product Label: "Printed Long Contrast Top" |



Offending Product Label: "Leopard Beach Print Long Sleeve Top"



COMPLAINT

| HE-3849 | Offending Product B |
| --- | --- |
| | Offending Product Label: "Triple Color Block Light Shirt" |
| | |
| | Offending Product Label: "Contrast Lace Detail Sweater" |
| | |

COMPLAINT

| HE-3944 | Offending Product C |
|---|---|
| | Offending Product Label: "Floral Print Flowy Blouse" |
| | |

15.    The above referenced comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs at issue are substantially, if not strikingly, similar.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

16.    Hera repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

17.    Hera is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs including, without limitation, through (a) access to Hera's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters

and printing mills; (c) access to Hera's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Hera for its customers.

18. Hera is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Hera is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Designs, or were illegal derivations or modifications thereof.

19. Hera is informed and believes and thereon alleges that Defendants, and each of them, infringed Hera's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling garments which infringe the Subject Designs through a network of retail stores, catalogues, and through on-line websites.

20. Due to Defendants' acts of infringement, Hera has suffered substantial damages to its business in an amount to be established at trial.

21. Due to Defendants' acts of infringement, Hera has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Hera's rights in the Subject Designs in an amount to be established at trial.

COMPLAINT

23.    Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Hera will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

24.    Hera hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

25.    On information and belief, Hera alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Designs, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

26.    Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Offending Products.

27.    Hera alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of Hera's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

28.    By reason of Defendants' acts of contributory infringement as alleged above, Hera has been damaged and has suffered damages in an amount to be established at trial.

COMPLAINT

29.     Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Hera's rights in the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Designs, in an amount to be established at trial.

30.     Hera is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Hera will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement - Against All Defendants)

31.     Hera repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

32.     On information and belief, Hera alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Offending Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Offending Products.

33.     Defendants also have a direct financial interest in its suppliers' conduct, including with respect to the Offending Products, because Defendants realize increased profits through the proliferation and dissemination of the Offending Products through its retail business by disregarding the intellectual property rights of

- 10 -

COMPLAINT

copyright holders such as Hera and saving money on licensing fees and costs with regard to the same.

34.    Hera alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

35.    By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, Hera has suffered general and special damages in an amount to be established at trial.

36.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Hera's rights in the Subject Designs. As such, Hera is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Hera's rights in the Subject Design, in an amount to be established at trial.

37.    On information and belief, Hera alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a.    That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

- 11 -

COMPLAINT

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 9, 2026      By:   */s/ Andres Navarro*
Trevor W. Barrett, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

- 12 -

COMPLAINT